**The document below is signed.  The clerk shall additionally mail a copy to Thomas C. Willcox, Esquire.  Dated: June 21, 2010.**

S. Martin Teel, Jr.
U.S. Bankruptcy Judge

```
                UNITED STATES BANKRUPTCY COURT
                 FOR THE DISTRICT OF COLUMBIA

In re                         )
                              )
LEONARD CARPENTER,            )    Case No. 10-00572
                              )    (Chapter 7)
           Debtor.            )    Not for Publication in
                              )    West's Bankruptcy Reporter
```

MEMORANDUM DECISION AND ORDER DISMISSING EMERGENCY
MOTION FOR RELIEF FOR VIOLATION OF THE AUTOMATIC STAY

The debtor has filed an Emergency Motion for Relief for Violation of the Automatic Stay by District of Columbia Superior Court Judge Hon. Brian Holeman (Dkt. No. 12).  The motion alleges that on June 2, 2010, District of Columbia Superior Court Judge Brian F. Holeman found the debtor to be in civil contempt in connection with certain civil proceedings, ordered the debtor to pay $3,000 to the plaintiff's counsel in connection with certain post-judgment discovery, and ordered that the debtor be incarcerated.  The debtor subsequently filed for relief under Chapter 7 of the Bankruptcy Code, and on June 11, 2010, filed in the Superior Court a Suggestion of Stay and Requirement that

Defendant be Released from Imprisonment.[1]  After the debtor filed the Suggestion of Stay and Requirement that Defendant be Released from Imprisonment, the motion alleges that Judge Holeman's law clerk advised the debtor's attorney telephonically that no action had been or would be taken to release the debtor.  On this basis, the debtor asks the court to hold Judge Holeman in contempt for a willful violation of the automatic stay and award compensatory and punitive damages and attorney's fees pursuant to 11 U.S.C. § 362(h).[2]

To the extent it constitutes an ongoing act to collect a debt, the debtor may be correct that his continued incarceration under Judge Holeman's prepetition civil contempt order violates the automatic stay.  If the debtor seeks damages for such a violation, however, he must pursue such relief against the creditor to whom the debtor was ordered to pay the $3,000 fine, not the judge who ordered the debtor's incarceration, because "[j]udicial officers enjoy absolute judicial immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence

---

[1]  The motion indicates that the Suggestion of Stay and Requirement that Defendant be Released from Imprisonment is attached to the motion as Exhibit B.  Exhibit B, however, is a pleading that relates to the bankruptcy case of Frank Robert Cook, Case No. 08-00317 (Bankr. D.D.C.) and has no apparent connection to these proceedings.

[2]  The debtor likely intended to invoke 11 U.S.C. § 362(k), not § 362(h).

of all jurisdiction." *Gallo-Rodriguez v. Supreme Court of U.S.*, WL 3878073, at *1 (D.D.C. Nov. 19, 2009) (internal quotations and citations omitted). *See also In re Williams*, 144 B.R. 847, 849 (Bankr. E.D. Ark. 1992) (dismissing adversary complaint brought against circuit court judge for alleged violation of the automatic stay because, *inter alia*, judicial officers acting within the bounds of their offices are immune from such damages suits); *In re Birchall*, 2007 WL 1992089, at * 8 (Bankr. D. Mass. July 3, 2007) ("As the incarceration is within the scope of the automatic stay, the Creditor must take steps in [the state court] to ensure that the incarceration for civil contempt is no longer enforced and that the Debtor is released from incarceration."); *In re Sutton*, 250 B.R. 771, 774 (Bankr. S.D. Fla. 2000) ("Although state court judges generally refrain from proceeding once they are made aware of a bankruptcy filing, the burden is on the creditor not to seek relief against a debtor in violation of the stay."). The debtor's allegations against Judge Holeman all relate to acts taken by Holeman in his capacity as a judicial officer, and he is thus immune from the relief sought by the debtor. It is thus

ORDERED that the debtor's Emergency Motion for Relief for Violation of the Automatic Stay by District of Columbia Superior Court Judge Hon. Brian Holeman (Dkt. No. 12) is DISMISSED without prejudice to the debtor's pursuit of similar relief against the

appropriate party.

                                        [Signed and dated above.]


Copies to: Debtor; Debtor's attorney; Chapter 7 Trustee; Office of United States Trustee;

Hon. Brian Holeman
Moultrie Courthouse
500 Indiana Ave., NW
Washington, D.C. 20001