The document below is hereby signed.

Signed: June 29, 2010.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )
LEONARD CARPENTER,             )    Case No. 10-00572
                               )    (Chapter 7)
            Debtor.            )    **Not for Publication in**
                               )    **West's Bankruptcy Reporter**

MEMORANDUM DECISION AND ORDER DENYING
MOTION TO RECONSIDER ORDER DISMISSING EMERGENCY
<u>MOTION FOR RELIEF FOR VIOLATION OF THE AUTOMATIC STAY</u>

By a Memorandum Decision and Order (Dkt. No. 18) entered on
June 22, 2010, the court dismissed the Emergency Motion for
Relief for Violation of the Automatic Stay by District of
Columbia Superior Court Judge Hon. Brian Holeman (Dkt. No. 12)
filed by the debtor, Leonard Carpenter.  Carpenter has filed an
emergency motion to reconsider, asking that the court vacate the
dismissal order to the extent that the motion can be treated as
seeking to impose coercive contempt sanctions or injunctive
relief against Holeman, as the court's prior decision only
addressed Holeman's judicial immunity from a damage award.  The
motion to reconsider will be denied, first, because Carpenter has
not shown that he has brought before Judge Holeman the matter of

releasing him from incarceration in a procedurally correct
fashion, and, second, because comity dictates that this court
ought not put Judge Holeman to the burden of responding to a
motion when Carpenter has an alternative means of obtaining
relief.

I

In his original motion, Carpenter alleged that Judge Holeman
found him to be in civil contempt of court in connection with
certain civil proceedings, *Wyatt v. Carpenter et. al.*, 2005 CA
001432. Specifically, the motion alleged, Carpenter "was
apparently ordered to [and] failed to pay $3,000 to the
plaintiff's counsel in connection with certain post-judgment
discovery;" Carpenter failed to make the required payment
(characterized by him as having been a fine), and upon being held
in contempt, Carpenter was incarcerated. Carpenter has appended
to the motion to reconsider the Suggestion of Stay and
Requriement [sic] That Defendant Be Released from Imprisonment
that he filed in the Superior Court. That document stated:

> on June 10, 2010, the defendant filed a petition for
> bankruptcy pursuant to Chapter 7 of the Bankruptcy
> Code, in the U.S. Bankruptcy Court for the District of
> Columbia, case no. 10-00572. Defendant suggests that
> the instant matter is subject to the automatic stay
> provided by 11 U.S.C. section 362. Consequently, the
> defendant must be immediately released from
> imprisonment. *See In re Mann*,126 F.Supp 709 (D. Mass
> 1954); *In re Siskin*, 231 BR 514 (E.D.N.Y. 1999).

When Judge Holeman failed to order Carpenter's release, Carpenter

2

filed his initial emergency motion.  Carpenter failed to serve

his initial emergency motion on the creditor, Mamie Wyatt, in the

Superior Court.

Nor has Carpenter filed in the Superior Court and served on

Wyatt a motion requesting the Superior Court to vacate its order

of incarceration.  Carpenter has further failed to file a

proceeding in this court against Wyatt seeking to declare that

the automatic stay bars the incarceration, and seeking to compel

Wyatt to take immediate steps to move to vacate the incarceration

order, and has failed to file, alternatively, a motion to hold

Wyatt in civil contempt for failing to move to set aside the

incarceration order.

II

In his motion to reconsider, Carpenter contends:

> Notwithstanding that a judicial officer may not be
> required to pay monetary damages for a violation of the
> automatic stay, it is nevertheless true that he may be
> held to have violated the automatic stay. *See In re
> Davis*, 247 BR 690, 696 (N.D. Ohio 1999) ("[A] judicial
> officer who executes a writ of restitution, pursuant to
> a prepetition judgment, is enforcing a judgment against
> the debtor for purposes of section 362(a), and this is
> in violation of the automatic stay.").  In the instant
> case, Judge Holeman has actual knowledge of the instant
> bankruptcy filing, he has actual knowledge of the
> automatic stay, and he has actual knowledge of the
> authorities provided by the debtor's suggestion of
> stay, which support that the debtor must be released
> from prison.  Despite knowledge of these facts and
> authorities, Judge Holeman has failed or refused to
> take any action – including even issuing a show cause
> order requiring the creditor to show cause as to why
> the debtor should not be released.  Judge Holeman's
> failure to take any action under these circumstances is

3

plainly nothing less than a violation of the automatic
stay.

Even if I assume that injunctive relief or coercive contempt
sanctions are not barred by judicial immunity, principles of
comity dictate that a state court judge not be put to the burden
of defending a suit for an injunction or a motion for coercive
contempt sanctions when the state court judge has not yet made a
ruling on whether the judge's prepetition incarceration order
should continue to be enforced postpetition, and when injunctive
relief would be inappropriate in any event because there are
adequate alternative remedies that can be pursued against a more
appropriate party, the creditor at whose behest the incarceration
order was entered.

A.

Carpenter assumes that a state court judge is required to
issue a show cause order requiring the creditor to show cause why
an incarcerated litigant should not be released from
incarceration once the judge is advised that the litigant has
filed a bankruptcy case.  Carpenter cites no decision supporting
that proposition.  A state court judge acts pursuant to the
procedures of the state court, and the procedural vehicle for
obtaining an order in the Superior Court is a motion.  When a
debtor files a motion to vacate or stay a prior order entered in
favor of the creditor, the creditor is entitled to be heard
regarding whether the order should be vacated or stayed.  The

4

onus is not on a busy state court judge to step in and prepare an
order to show cause directed to the creditor when the burden
falls on a party to file a motion requesting an order for release
of the debtor.  The applicability of the automatic stay presents
a question of law that the creditor and debtor, not the state
court judge, are the logical entities to take procedural steps to
address in the first instance.  There are exceptions to the
automatic stay (contained in 11 U.S.C. § 362(b)), and as a
disinterested adjudicator, a state court judge ought not take a
debtor's assertion that the automatic stay applies as
authoritative without the debtor having given notice to the
opposing party allowing that opposing party an opportunity to
show that the automatic stay does not apply.  Carpenter has
failed to show that he has followed appropriate procedures in the
Superior Court for bringing the issue before Judge Holeman.

B.

In any event, as decisions quoted in the prior decision made
evident, Carpenter, in pursuing relief against Judge Holeman, is
pursuing relief in this court against the wrong party.  The prior
decision cited to, and quoted from:

> *In re Birchall*, 2007 WL 1992089, at * 8 (Bankr. D.
> Mass. July 3, 2007) ("As the incarceration is within
> the scope of the automatic stay, the Creditor must take
> steps in [the state court] to ensure that the
> incarceration for civil contempt is no longer enforced
> and that the Debtor is released from incarceration.");

and

> *In re Sutton*, 250 B.R. 771, 774 (Bankr. S.D. Fla. 2000)
> ("Although state court judges generally refrain from
> proceeding once they are made aware of a bankruptcy
> filing, the burden is on the creditor not to seek
> relief against a debtor in violation of the stay.").

As those decisions suggest, the creditor who obtained the incarceration order is the party who should be sued when the continued incarceration of a debtor at the creditor's behest violates the automatic stay.

If the enforcement of the incarceration order violates the automatic stay, Carpenter has various avenues available to attempt to enforce the automatic stay.  Carpenter can file a motion for release in the Superior Court and serve that upon the creditor, Wyatt.  Alternatively, Carpenter can file an adversary proceeding complaint against Wyatt for purposes of pursuing a motion for temporary restraining order and injunction compelling Wyatt to act to secure Carpenter's release from jail.  As another alternative, if warranted, Carpenter can pursue contempt

sanctions (and 11 U.S.C. § 362(k) sanctions) against Wyatt.[1]

As a matter of comity, the presumption must be that Judge Holeman would upon request vacate enforcement of the incarceration order if such enforcement is determined to violate the automatic stay. Further, as a matter of comity, the presumption must be that Judge Holeman would defer to any ruling by this court against the creditor, Wyatt, that determines that the automatic stay bars Carpenter's continued incarceration. It

---

[1] The parties have not addressed whether, if the continued incarceration violates the automatic stay, a motion for contempt is the right way to proceed, *i.e.*, whether an injunction is necessary or whether, instead, the automatic stay places an affirmative obligation on the creditor, Wyatt, to act to set aside the incarceration order. The decision Carpenter cites, *In re Davis*, 247 B.R. 690 (Bankr. N.D. Ohio 1999), suggests that contempt might not be found when it is a judicial officer (the jailor acting pursuant to the authority of the incarceration order, and not pursuant to postpetition conduct of the creditor) who is incarcerating Carpenter. But *In re Davis* is distinguishable, as Wyatt is well aware of Carpenter's continued incarceration. Moreover, other decisions hold that there is an affirmative duty to undo a prepetition act whose continuation postpetition violates the automatic stay. *See Sternberg v. Johnston*, 595 F.3d 937 (9th Cir. 2010), *pets. for cert. pending* (Sup. Ct. Nos. 09-1374 and 09-1525); *Lawrence Athletic Club v. Scroggin (In re Scroggin)*, 364 B.R. 772, 781 (B.A.P. 10th Cir. 2007) (holding that a "refusal to take affirmative action to get the garnishment stopped" is a willful violation of the automatic stay); *Parker v. Johnston (In re Johnston)*, 321 B.R. 262, 282-86 (D. Ariz. 2005) (holding that creditor had affirmative duty to move to vacate state court contempt and arrest orders that were not themselves issued in violation of the automatic stay); *In re Soares v. Brockton Credit Union (In re Soares)*, 107 F.3d 969, 978 (1st Cir. 1997); *In re Outlaw*, 66 B.R. 413, 416-17 (Bankr. E.D.N.C. 1986). Even if the burden is on the creditor to undo the incarceration order, however, Carpenter has an obligation to mitigate damages. *See In re GeneSys, Inc.*, 273 B.R. 290, 296 (Bankr. D.D.C. 2001).

is inappropriate at this juncture to entertain litigation against

Judge Holeman directly.[2]

C.

Thomas C. Willcox, the attorney for the creditor, Wyatt, has

filed, on behalf of himself and Wyatt, an opposition to the

motion to reconsider, arguing that the *Rooker-Feldman* doctrine[3]

_____

[2] *Pulliam v. Allen*, 466 U.S. 522 (1984), held that in an
action under 42 U.S.C. § 1983, judicial immunity is not a bar to
prospective injunctive relief against a judicial officer acting
in her judicial capacity.   But 42 U.S.C. § 1983 was later
amended to provide that "in any action brought against a judicial
officer for an act or omission taken in such officer's judicial
capacity, injunctive relief shall not be granted unless a
declaratory decree was violated or declaratory relief is
unavailable."  Whether that limitation of *Pulliam v. Allen*
extends to non-§ 1983 litigation need not be decided.   It
suffices in this case to hold that the motion against Judge
Holeman must be dismissed because (1) Judge Holeman has not
violated the automatic stay because he has not been asked in a
procedurally correct fashion to vacate the incarceration order as
now barred by the automatic stay, and (2) adequate remedies exist
in the circumstances of this case that dictate that injunctive
relief would be inappropriate and that as a matter of comity,
Judge Holeman ought not be subjected to being sued in this court.

[3] The *Rooker-Feldman* doctrine is named after two Supreme
Court decisions, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44
S.Ct. 149, 68 L.Ed. 362 (1923), and *District of Columbia Court of
Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206
(1983). In *Rooker*, the Supreme Court held that federal
jurisdiction over direct appeals from state courts would lie
exclusively in the Supreme Court.  In *Feldman*, the Supreme Court
expanded the doctrine to bar federal jurisdiction over particular
claims that are "inextricably intertwined" with those a state
court has already decided.  The resulting *Rooker-Feldman* doctrine
provides that lower federal courts lack subject matter
jurisdiction over a case if the exercise of jurisdiction over
that case would reverse or modify a state court judgment.  *See*
*Hachamovitch v. DeBuono*, 159 F.3d 687, 693 (2d Cir. 1998).

precludes this court from reviewing the Superior Court's decision to incarcerate Carpenter and its inaction after Carpenter filed the suggestion of bankruptcy.  State courts, they correctly observe, can determine whether the automatic stay applies. Whether the *Rooker-Feldman* doctrine would apply if the Superior Court had ruled that the automatic stay was inapplicable is an academic issue as the Superior Court has not yet been asked in a procedurally correct fashion to rule on whether the automatic stay applies.

Even if the Superior Court can be viewed as having ruled on the issue against Carpenter, the *Rooker-Feldman* doctrine would not preclude this court's determining whether the continued incarceration of Carpenter violates the automatic stay.  As this court noted in *In re Lanford*, 2004 WL 3155540, at *3 n.4 (Bankr. D.D.C. Sept. 1, 2004), courts have held, based on *Kalb v. Feuerstein*, 308 U.S. 433 (1940), that when the issue of the automatic stay's applicability has been litigated in the state court and that court has entered a judgment based on an erroneous determination that the automatic stay is inapplicable, the *Rooker-Feldman* doctrine does not bar the bankruptcy court from determining that the state court's judgment violates the

automatic stay.[4]  Those decisions turn on whether a judgment that
violates the automatic stay is void, and I have long held the
view that judgments that violate the automatic stay are void
unless the automatic stay is later annulled.  *See In re
Henneghan*, 2009 WL 2855835 (Bankr. D.D.C. June 15, 2009).  Even
if Carpenter could be viewed as having obtained an adverse ruling
from the Superior Court as to the applicability of the automatic
stay to his continued incarceration, the *Rooker-Feldman* doctrine
would not preclude this court's determining that Carpenter's
continued incarceration violates the automatic stay.

### D.

Willcox and Wyatt also argue that the automatic stay has not
been violated to the extent that the Superior Court acted to
uphold the dignity of the Superior Court, citing, for example,
*Lowery v. McIlroy & Millian (In re Lowery)*, 292 B.R. 645 (E.D.
Mo. 2003).  Other decisions, however, look to whether the
incarceration order was a civil coercive contempt sanction
designed to secure compliance, at the creditor's behest, and view

---

[4]  *See Gruntz v. County of Los Angeles (In re Gruntz)*, 202
F.3d 1074, 1081-82 (9th Cir. 2000) (en banc ) (judgment entered
based on erroneous determination that automatic stay did not
apply was subject to collateral attack); *In re Benalcazar*, 283
B.R. 514, 526-29 (Bankr. N.D. Ill. 2002) (same).  *But see Ferren
v. Searcy Winnelson Co. (In re Ferren)*, 203 F.3d 559 (8th Cir.
2000) (per curiam) (*Rooker-Feldman* doctrine bars relitigation of
issue of scope of automatic stay found by state court to be
inapplicable);  *Siskin v. Complete Aircraft Services, Inc. (In re
Siskin)*, 258 B.R. 554, 562 (Bankr. E.D.N.Y. 2001) (same); *In re
Singleton*, 230 B.R. 533, 536 (B.A.P. 6th Cir. 1999) (same).

any incidental impact of the order's upholding the dignity of the
state court as irrelevant in deciding whether the automatic stay
is being violated. *See*, *e.g.*, *In re Birchall*, 2007 WL 1992089
(Bankr. D. Mass. July 3, 2007); *In re Goodman*, 277 B.R. 839, 841-
42 (Bankr. M.D. Ga. 2001) (the debtor could purge himself of
contempt and avoid incarceration, and, accordingly, "even if the
[arrest] warrant were based on Debtor's disrespect for the
superior court, it is still being used as a collection device . .
. [and] the arrest warrant is covered by the automatic stay.")
The latter line of cases is the better view.

Congress set forth in § 362(b) the exceptions to the
automatic stay, and it is not for the courts to create an
additional exception for a state court's civil contempt
incarceration order based on the order having the incidental
effect of upholding the dignity of the state court.  The
incidental impact of a civil contempt incarceration order of
upholding the dignity of the court does not fit within any of the
statutory exceptions to the automatic stay.

First, the exception of 11 U.S.C. § 362(b)(1) for criminal
proceedings does not apply.  In *Int'l Union, United Mine Workers
of Am. v. Bagwell*, 512 U.S. 821, 827-28, 114 S.Ct. 2552, 129
L.Ed.2d 642 (1994), the Court described a civil contempt sanction
as one with respect to which "the contemnor is able to purge the
contempt . . . by committing an affirmative act," *id.* at 827-28,

11

and described a punitive, criminal contempt sanction as one that is "imposed retrospectively for a completed act of disobedience . . . such that the contemnor cannot avoid or abbreviate" the penalty through "later compliance." *Id.* at 828-29 (internal quotation marks and citation omitted).  If incarceration is a civil contempt sanction, with the contemnor having a key out of jail in the form of complying with the order as to which he is in contempt, the sanction is not criminal in nature and does not come within the exception of § 362(b)(1) with respect to the continuation of a criminal proceeding against the debtor.

Nor would the incarceration order here, if a civil contempt incarceration order, constitute enforcement of a "police or regulatory power" such that continued enforcement of the order fits within the exception of 11 U.S.C. § 362(b)(4) to the automatic stay.  Wyatt is not a governmental unit at whose behest the Superior Court is enforcing a police or regulatory power. Willcox and Wyatt point to no other exception to the automatic stay that might form a basis for concluding that a civil contempt incarceration order is excepted from the automatic stay if it incidentally has the impact of upholding the dignity of the court.  Accordingly, they have not shown why the incarceration order, if a civil contempt sanction, ought to be viewed as excepted from the automatic stay.

Willcox and Wyatt characterize the incarceration order as a

civil contempt sanction in arguing that its purpose of upholding
the Superior Court's dignity excepts its continued enforcement
from the automatic stay.  Opposition at p. 7.  They also
acknowledge that Judge Holeman's order of March 25, 2010,
directed that if Carpenter failed to pay a monetary sanction for
attorney fees, Carpenter "may be incarcerated until the sanction
is paid."  Assuming that Carpenter can relieve himself of
incarceration by paying the monetary sanction, the incarceration
order is in the nature of civil contempt, and the order does not
fit within § 362(b)(1).

Judge Holeman's order of March 25, 2010, indicated, however,
that the hearing on non-compliance would address whether
Carpenter should be held in civil or criminal contempt.  Nothing
in the record permits me to conclude whether the incarceration
order was for criminal contempt (with Carpenter having no right
to obtain a release from jail by paying the monetary sanction for
attorney fees).  Accordingly, I cannot conclude that continued
enforcement of the incarceration order violates the automatic
stay.  For purposes of deciding the debtor's motion to
reconsider, however, it is unnecessary to decide whether the
incarceration order is a criminal contempt sanction that fits
within the exception of § 362(b)(1): as discussed above, other
grounds require denial of the motion to reconsider.

III

For all of the foregoing reasons, it is

ORDERED that Carpenter's motion to reconsider the order

dismissing his emergency motion for relief for violation of the

automatic stay is DENIED.

[Signed and dated above.]

Copies to: Debtor; Debtor's attorney; Chapter 7 Trustee; Office
of United States Trustee; Thomas C. Willcox, Esq.;

Hon. Brian Holeman
Moultrie Courthouse
500 Indiana Ave., NW
Washington, D.C. 20001